## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **THIEN CONG HO,** | § | |
| | § | |
| *Petitioner,* | § | |
| **v.** | § | |
| | § | |
| **MARY DE ANDA-YBARRA,** Field Office | § | |
| Director of Enforcement and Removal | § | |
| Operations, El Paso Field Office, | § | |
| Immigration and Customs Enforcement; | § | |
| **WARDEN OF ERO EL PASO CAMP** | § | |
| **EAST MONTANA;** | § | |
| **TODD M. LYONS,** *in his official capacity* | § | **EP-26-CV-00487-DCG** |
| *as* Acting Director, Immigration and | § | |
| Customs Enforcement, U.S. Department of | § | |
| Homeland Security; | § | |
| **KRISTI NOEM,** *in her official capacity as* | § | |
| Secretary, U.S. Department of Homeland | § | |
| Security; and | § | |
| **PAMELA JO BONDI,** *in her official* | § | |
| *capacity as* Attorney General of the United | § | |
| States, | § | |
| | § | |
| *Respondents.* | § | |

## <u>ORDER TO SHOW CAUSE</u>

Petitioner Thien Cong Ho ("Petitioner") challenges his detention pursuant to 28 U.S.C. §

2241.[1] The issues raised in the Petition require an answer from Respondents. The Court therefore

**ORDERS** Respondents to show cause why the Court should not grant a writ of habeas corpus.

---

[1] *See generally* Pet., ECF No. 1.

## I.    Background

Petitioner filed the instant Petition for Writ of Habeas Corpus on February 18, 2026, while detained at Camp East Montana in El Paso, Texas.[2] Petitioner challenges his detention on administrative and constitutional grounds.[3] Petitioner asks the Court to order, *inter alia*, his immediate release under an order of supervision or other condition set by the Court.[4]

## II.   Discussion

### A.    Habeas Corpus Petition

Under 28 U.S.C. § 2241, a detainee may challenge his confinement as unlawful by filing a habeas corpus petition.[5] The Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") specify what the Court must do after receiving such a petition. Although the Habeas Rules govern petitions filed under 28 U.S.C. § 2254, they also apply to petitions filed pursuant to § 2241.[6]

---

[2] *See id.* at 4.

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, rather than the internal pagination of the cited document.

[3] *Id.* at 13–15.

[4] *Id.* at 2. *See also id.* at 15–16 (detailing full scope of relief requested by Petitioner).

[5] *See* 28 U.S.C. § 2241(c) (requiring petitioner to show that they are "in custody in violation of the Constitution or laws or treaties of the United States"); *see also Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.").

[6] *See* Rules Governing Section 2254 Cases ("Habeas Rules"), Rule 1(a) ("These rules govern a petition for a writ of habeas corpus filed in a United States district court under 28 U.S.C. § 2254"); *see also* Habeas Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)").

*See also Perez v. Hijar*, No. 22–50904, 2023 WL 4559366, at *1 (5th Cir. July 17, 2023) ("Rule 1(b) of the rules governing § 2254 cases articulates that these rules may apply to other habeas corpus petitions as well").

Habeas Rule 4 requires the Court to "examine" a petition and "dismiss" it "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to any relief."[7] If dismissal is not appropriate, the Court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted."[8] Should the petition survive prescreening, "the judge *must* order the respondent[s] to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."[9] 28 U.S.C. § 2243 requires that the response "be returned within three days" or "not exceeding twenty days."[10] However, courts have "discretionary authority" to alter the "strict time limits prescribed by § 2243."[11]

Having preliminarily examined the foregoing petition, the Court concludes that (1) summary dismissal is not appropriate, and (2) an extension of the default response time is not warranted. The Court will therefore order Respondents to show cause within three days why the Court should not grant the Petition. If necessary, the Court will order a hearing or additional briefing after reviewing the parties' filings.

---

[7] *See* Habeas Rule 4; *see also Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) ("The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state.").

[8] 28 U.S.C. § 2243.

[9] Habeas Rule 4; *see also* 28 U.S.C. § 2243 (requiring the district court to issue the order "forthwith"); *Simpson v. Ortiz*, 995 F.2d 606, 609 (5th Cir. 1993) (concluding that a district court acted "forthwith" by issuing a show cause order "just twenty-one days after [the] petition was filed").

[10] 28 U.S.C. § 2243.

[11] *See, e.g.*, *Y.V.S. v. Wolf*, No. 3:20-CV-228-DCG, 2020 WL 4926545, at *1 (W.D. Tex. Aug. 21, 2020) (collecting cases) (reasoning that because Congress approved the Habeas Rules in 1976 and enacted § 2243 in 1948, the former governs the district court's authority to set response deadlines).

### B.     Prevention of Transfer Out of the State of Texas

Petitioner asks the Court to issue orders "restraining Respondents from attempting to move Petitioner from the State of Texas during the pendency of [his] Petition" and "requiring Respondents to provide 72-hour notice of any intended movement of Petitioner."[12] The Court acknowledges that it and other district courts, including those throughout the Western District of Texas, have granted this type of relief pursuant to the All Writs Act[13] or the inherent powers doctrine (that is, their "inherent authority to preserve and assess their own jurisdiction").[14] This

---

[12] Pet. at 16.

[13] The All Writs Act vests federal courts with the authority to preserve and exercise their limited jurisdiction. *See* 28 U.S.C. § 1651 [hereinafter "All Writs Act"]; *ITT Cmty. Dev. Corp. v. Barton*, 569 F.2d 1351, 1359 (5th Cir. 1978) ("The All Writs Act may be said to provide a federal court with those writs necessary to the preservation or exercise of its subject matter jurisdiction.").

*See, e.g.*, *Cotoc Yac De Yac v. Hermosillo*, No. 3:25-cv-2320-SI, 2025 WL 3564819, at *2 n.1 (D. Or. Dec. 12, 2025) ("[T]he Court may issue status quo orders to ensure that once its jurisdiction is shown to exist, the court will be in a position to exercise it." (citation modified)).

[14] *See, e.g.*, *Santiago v. Noem*, No. 3:25-CV-361-KC, 2025 WL 2606118, at *2 (W.D. Tex. Sept. 9, 2025) (citation modified); *see also id.* ("The Court finds persuasive the decisions enjoining removal and transfer of petitioners under the Court's inherent power to preserve its ability to hear the case.").

The "inherent powers" doctrine "is rooted in the notion that a federal court, sitting in equity, possesses all of the common law equity tools of a Chancery Court . . . to process litigation to a just and equitable conclusion." *See ITT Cmty. Dev. Corp.*, 569 F.2d at 1359 (citation modified); *United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("The District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief." (citation modified)).

*See also, e.g.*, *Mauricio-Ramirez v. Collins*, 2026 WL 300784, at *2 (W.D. Tex. Feb. 3, 2026) (preventing the removal or transfer of petitioner as "an exercise of the Court's inherent power to preserve its ability to hear the case"); *R.J. E.R. v. Hermosillo*, No. 2:26-cv-00296-TLF, 2026 WL 216847, at *2 (W.D. Wash. Jan. 28, 2026) (ordering the same "[t]o preserve the status quo, pending the outcome of th[e] habeas corpus proceeding").

authority is relevant in the immigration habeas context, where petitioners seeking relief from

detention may be transferred or removed before their cases are fully considered.[15]

The Court is unconvinced, though, that it can prevent transfer or removal in scenarios

where—like here—the Government entered a final removal order *before* the habeas petition was

filed.[16] In *Imran v. Harper*, a recent unpublished (and therefore non-precedential) case, the Fifth

Circuit construed a "request for stay of removal" as "a challenge to a removal order."[17] The

Immigration and Nationality Act ("INA") provides that "no court shall have jurisdiction to hear

any cause or claim by or on behalf of any alien arising from the decision or action by the

Attorney General to . . . *execute removal orders* against any alien under this chapter."[18] Thus, the

Fifth Circuit held that the district court lacked the jurisdiction to grant such a request.[19]

---

[15] *See, e.g.*, *Pablo Pablo v. Lyons*, No. 3:25-CV-566-DCG, 2025 WL 3684305, at *2 (W.D. Tex. Dec. 5, 2025) ("By the time the Court ordered Respondents not to remove [the petitioner], he had arrived in Guatemala City."); Order at 1, *Blandon Raudez v. Bondi*, No. 3:25-CV-493-DB (W.D. Tex. Oct. 30, 2025), ECF No. 11 (addressing removal of habeas petitioner from El Paso to Mexico "after the Court unequivocally ordered the parties not to do so, and before he could be heard in this Court of law").

[16] *See* Pet. at 2 ("On June 21, 2005, an Immigration Judge entered a final order of removal against Petitioner.").

[17] *Imran v. Harper*, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026). *See also United States v. Torres-Jaime*, 821 F.3d 577, 582 (5th Cir. 2016) ("Unpublished opinions, although not precedential, *may* be considered persuasive authority." (emphasis added)).

[18] 8 U.S.C. § 1252(g).

[19] *Imran*, 2026 WL 93131, at *1. *See also, e.g.*, *Khan v. U.S. Dep't of Homeland Sec.*, No. 25-CV-14246, 2025 WL 3720100, at *4 (D.N.J. Dec. 23, 2025) ("To the extent Petitioner seeks to stay or enjoin the execution of his final order of removal pending resolution of his motion to reopen before the BIA, this Court lacks jurisdiction under § 1252(g)." (citation modified)).

Although the Court is not required to follow *Imran*, it is at least momentarily persuaded by its reasoning as applied to this case.[20] Accordingly, it will not prevent Respondents from transferring or removing Petitioner. If the Petitioner believes that 8 U.S.C. § 1252(g) does *not* prevent the Court from temporarily preventing his transfer or removal, he may brief that issue with citations to authority by no later than the reply deadline set forth below.

## III.    Conclusion

For the foregoing reasons, the Court **ORDERS** Respondents to file a response to the "Petition for Writ of Habeas Corpus" (ECF No. 1) by no later than **March 6, 2026**. This response must identify each factual allegation contained in the Petition that Respondents dispute. Petitioner may file a reply within **three days** after Respondents serve their response.[21] If necessary, the Court will order a hearing or additional briefing upon review of the pleadings.

The District Clerk shall **SERVE** copies of the "Petition for Writ of Habeas Corpus" (ECF No. 1) and this Order upon Respondents **and** the United States Attorney in El Paso, Texas.[22]

---

[20] *Cf.* O.S.C., *Romero Garces v. Bondi*, 3:26-CV-00177-DCG (W.D. Tex. Feb. 2, 2026), ECF No. 3 (finding *Imran* distinguishable because no removal order had been entered against the petitioner).

[21] *See generally* FED. R. CIV. P. 6(a) (providing methods for computing time).

[22] *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order on the respondent[s] and on the attorney general or other appropriate officer of the state involved.").

**So ORDERED and SIGNED this 3rd day of March 2026.**

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**