**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | |
|---|---|
| **THIEN CONG HO,** §<br>§<br>*Petitioner*, §<br>§<br>**v.** §<br>§<br>§<br>**MARY DE ANDA-YBARRA,** Field Office §<br>Director of Enforcement and Removal §<br>Operations, El Paso Field Office, §<br>Immigration and Customs Enforcement; §<br>**WARDEN OF ERO EL PASO CAMP** §<br>**EAST MONTANA**; §<br>**TODD M. LYONS,** *in his official capacity* §<br>*as* Acting Director, Immigration and §<br>Customs Enforcement, U.S. Department of §<br>Homeland Security; §<br>**MARKWAYNE MULLIN,** *in his official* §<br>*capacity as* Secretary, U.S. Department of §<br>Homeland Security; and §<br>**TODD BLANCHE,** *in his official capacity* §<br>*as* Acting Attorney General of the United §<br>States, §<br>§<br>*Respondents*. §<br>§ | **EP-26-CV-00487-DCG** |

<u>**ORDER REQUIRING RESPONDENTS TO PROVIDE STATUS UPDATE**</u>

Petitioner Thien Cong Ho challenges Respondents' authority to continue detaining him

while they facilitate his removal from the United States.[1]  Because this case relates to

---

[1] *See generally* Pet., ECF No. 1.

Petitioner's post-removal-order detention,[2] the Court must consider whether his removal is "significantly likely in the reasonably foreseeable future."[3]

On March 6, 2026, Respondents advised the Court that Immigration and Customs Enforcement's ("ICE") "[wa]s attempting to secure a travel document from Vietnam"[4]—presumably, to remove Petitioner to Vietnam.  Respondents further advised the Court that "the process to secure the travel document is ongoing and there is no evidence in the record that shows that Vietnam will refuse to issue a travel document."[5]  It's unclear, however, what progress (if any) Respondents have made towards removing Petitioner since that March 6, 2026 filing.

To meaningfully assess Petitioner's claims, the Court needs an update on whether and when Respondents plan to remove Petitioner from the country.  The Court therefore **ORDERS** that, by **April 29, 2026**, Respondents must **ADVISE** the Court of:

(1) whether Respondents still anticipate removing Petitioner to Vietnam; and

(2) if so:

    (a) whether Vietnam has agreed to accept Petitioner; and

    (b) how long Respondents anticipate that it will take to effect Petitioner's removal to Vietnam, including the specific steps that Respondents still need to take.

---

[2] *See generally id.*

[3] *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) ("[A]n alien may be held in confinement [after a removal order becomes final] until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.").

[4] Resp'ts' Corrected Resp., ECF No. 4, at 5.

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, rather than the cited document's internal pagination.

[5] *Id.* at 5–6.

If Respondents *do not* anticipate removing Petitioner to Vietnam, Respondents must **ADVISE** the Court of:

> (3) the specific country (if any) to which Respondents anticipate removing Petitioner;

> (4) whether that country has agreed to accept Petitioner; and

> (5) how long Respondents anticipate that it will take to effect Petitioner's removal to that country, including the specific steps that Respondents still need to take.

If Respondents contend that Petitioner has in some way thwarted Respondents' removal efforts, Respondents must explain the specific reason(s) for that contention. Petitioner may respond to any such assertions that he has thwarted Respondents' removal efforts **within three days** of Respondents' filing.[6]

The Court further **DIRECTS** the Clerk of Court to **SUBSTITUTE** Acting U.S. Attorney General Todd Blanche in Former Attorney General Pamela Bondi's place as a named Respondent.[7]

The Court likewise **DIRECTS** the Clerk of Court to **SUBSTITUTE** Secretary Markwayne Mullin in Former Secretary Kristi Noem's place as a named Respondent.[8]

---

[6] *Cf.* FED. R. CIV. P. 6(a)(1)(C) ("When the period is stated in days or a longer unit of time . . . include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

[7] *Compare* Pet. at 1, *with* FED. R. CIV. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name . . . . The court may order substitution at any time . . . .").

[8] *See supra* note 7.

- 4 -

**So ORDERED and SIGNED this 24th day of April 2026.**

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**